4 WS 401
32 SC 552

# Davis *against* Dawes.

The Commonwealth may pass a retrospective law impairing her own right: and therefore a supplementary Act passed after a forfeiture incurred to the Commonwealth under a former Act, declaring it not to be incurred by the true intent and meaning of the former Act, releases the penalty.

ERROR to the Common Pleas of *Northampton* county.

This was an amicable *scire facias* brought by Timothy Dawes against Barnabas Davis, as garnishee of John Quick & Son, on a judgment in foreign attachment. The following case was stated for the opinion of the court:

In November 1835, John Quick & Son, millers, residing in Belvidere, N. J. contracted with Messrs Nevins & Son, of New York, to deliver 600 barrels of flour in New York. The flour was accordingly sent to Rodenbough & Co., carriers at Easton, Penn., branded for the New York market, according to the laws of New York. Rodenbough & Co. sent 61 barrels of the flour by their boat, through the Delaware Canal to Philadelphia, to Messrs C. & F. King, to be forwarded by them in their packets *via* Delaware & Raritan Canal, to New York. The flour arrived at the wharf in Philadelphia, 25th of November 1835, when it was placed on board one of the packets of Messrs King. Whilst the flour was on board the packet, the defendant, who was the inspector of flour for Philadelphia, having ascertained the fact, and deeming the flour to be forfeited for want of an offer to submit the same to inspection under the Act of 15th of April 1835, placed watchmen on the vessel to take charge of and hold the flour as forfeited. The next morning the Messrs King attempted to rescue and recover the flour, and in so doing committed an assault and battery, for which F. King and his servants were indicted, and which was decided by the Supreme Court, (1 *Whart.* 448). The flour was retained by the inspector, and on the 17th of December 1835, sold by him as forfeited, and the nett proceeds, amounting to the sum of $206.47, paid into his hands, where it has remained ever since, not having been accounted for in his settlements with the Commonwealth of Pennsylvania, in consequence of the directions of Attorney-General Dallas, that he should retain the money until it was ascertained to whom it belonged.

If the court should be of opinion that the seizure of the flour by the inspector was illegal, by reason of the flour not having been forfeited, or that the proceedings of the inspector were invalidated by the supplementary Act of 31st of March 1836, judgment to be

IV. — 51          21*

[Davis v. Dawes.]

entered for the plaintiff for the said sum of $206.47. If otherwise, judgment to be entered for defendant; either party to have the privilege of taking a writ of error.

The court entered judgment for the plaintiff, which was assigned for error.

The 3d section of the Act of 31st of March 1836, (*Pam. L.* 332), repeals those sections of the Act of 15th of April 1835, (*Pam. L.* 384), which imposed a forfeiture of flour not inspected and branded here after being brought from another state or country, and the 4th section declares the true intent and meaning of the former Act to be, that no produce imported into this State from any other State or country shall be liable to inspection prior to exportation from this State, if marked or branded with the name of the State or country whence it was originally exported, though the mark or brand may have been affixed after its importation within this State.

*Maxwell*, for plaintiff in error, contended that the forfeiture having vested and been consummate before the supplementary Act, was not devested by it. The supplementary Act was meant to apply and does apply only to future forfeitures. It cannot be made to operate retrospectively. He cited 1 *Whart.* 448; *Dwarr.* 706, 675, 680; 4 *Serg. & Rawle* 401; 10 *Serg. & Rawle* 125; 3 *Rawle* 132, 157; 7 *Johns.* 477.

*Reeder*, contra.

PER CURIAM.—The Commonwealth had an undoubted power to pass a retrospective law impairing her own right; and whether the flour was originally forfeited or not, the penalty was remitted or rather declared not to have been incurred, by the subsequent Act.

Judgment affirmed.