## THE PEOPLE *v.* JOHN B. FRISBIE.

REOPENING JUDGMENTS. — The question of diligence in making an application to reopen a judgment under the Act of April 27th, 1862, is one for the Court below to pass upon, in the exercise of a sound discretion, and the Supreme Court will not reverse the action of the Court below except in case of an abuse of discretion.

JUDGMENT PENDING AN APPEAL.—An appeal suspends the operation of a judgment, and while pending, the party in whose favor it is rendered has no vested right in the judgment, but his right is limited to his cause of action.

CONSTRUCTION OF STATUTES. — If a statute is susceptible of two constructions, one of which is consistent, and the other inconsistent with the restrictions of the Constitution, it is the duty of the Court to give it that construction which will make it harmonize with the Constitution, and comport with the legitimate powers of the Legislature.

LEGISLATIVE ASSUMPTION OF JUDICIAL POWER.—An Act of the Legislature granting a new trial, or reopening a judgment in an action litigated between individuals, would be an assumption of judicial powers by the legislative department, and unconstitutional.

JUDGMENTS IN FAVOR OF THE PEOPLE.—An Act of the Legislature granting a new trial, or reopening a judgment in favor of the People in a civil action in which the People are a party, is a mere consent on the part of the People, one of the parties to the judgment, that a new trial be granted, or the judgment be reopened, and is not unconstitutional.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*J. C. Hinckley*, and *Whitman & Wells*, for Appellants.

The Act by which the forty-second section of the Act of 1861 was amended, was passed on the 27th day of April, 1863, after the judgment of the Court below had been finally affirmed in this Court, thereby becoming a full and final determination of the questions involved. That the remittitur had not been sent down does not, in the view we take, affect the question at bar. The case was, as we said above, fully and finally determined; but its further prosecution was suspended under the operation of a rule of this Court or its order staying the proceedings. That suspension was in obedience to the law and rules of Court as they existed when the judgment was pronounced; and we submit it cannot and does not affect the validity and force of the original judgment as pronounced, any

more than the delay of the Sheriff to levy final process during its life and before return day could invalidate or impair the judgment on which it issued. It presents a singular case when the Legislature reverses the judgments of the Courts and reopens a case upon its original issues.

The opinion already given has became the law of the case, and it is, under the rulings of this Court, decisive. (*Denny et al.* v. *Gray,* 3 Cal. 377; *Clary* v. *Hoagland,* 6 Cal. 685; *Gunter* v. *Laffan,* 7 Cal. 592; *Cal. Steam Nav. Company* v. *Wright,* 8 Cal. 585; *Cahoon* v. *Levy,* 10 Cal. 216; *Davidson* v. *Dallas,* 15 Cal. 75; *Leese* v. *Clark,* 20 Cal. 387; *Soule* v. *Ritter,* 20 Cal. 522; *Table Mountain Company* v. *Stranahan,* 21 Cal. 548; *Phelan* v. *San Francisco,* 20 Cal. 39.)

Under the law of the land, therefore, the rights of the plaintiffs in this case had vested, and it was not in the power of the Legislature to interfere with them, if we may rely upon the principle announced in *McCauley* v. *Brooks,* 16 Cal. 39, 40, and reaffirmed in *Smith* v. *Judge of the Twelfth District,* 17 Cal. 547: "That there is no discretion when rights have vested under the Constitution or by existing laws;" and that, therefore, the judicial and legislative powers are in such cases absolutely independent of each other.

*P. W. S. Rayle,* for Respondents.

The Legislature of this State has on repeated occasions released judgment against sureties on official bonds, when the facts of the case warranted legislative interposition. And upon the same principle, when the State is party to the record, the Legislature representing the People has ample power to release, reopen, set aside, or discharge judgments, when the peculiar state of facts warrant it. It would be subversive of the spirit and theory of our Government if the Legislature cannot relieve a citizen in special cases from the oppressive effects of a general law. The citizen who offers to make profert of his tax receipt to exempt him from liability to repay his taxes upon the same property for the same year, may not be able owing to the universality of the general law to plead

payment as a defense, he will most assuredly be entitled to invoke the wisdom and justice of the lawmakers, who alone are vested with power to impart the relief the facts of the case require. (17 Cal. 548.)

Respondent admits that vested rights cannot be assailed by legislative enactments, but contends that the Act in this case in nowise assails vested rights or so operates upon the remedy as to impair the right; it is simply the consent of the People, plaintiffs in this case, through their representatives, that in a certain class of cases, of which this is one, judgments may be opened up to give defendants a right to answer. It certainly will not be contended that the plaintiffs had not even the right to set aside and cancel the judgment.

By the Court, RHODES, J.

Suit was brought against the defendant and certain real estate, to recover the delinquent taxes which had been assessed upon the real estate to said Frisbie, for the year 1861, in Solano County.

The action was commenced and prosecuted to judgment, under the General Revenue Act of 1861. Frisbie answered the complaint, denying that the land was subject to taxation, or that he was indebted in any sum for State or county taxes, or that the land was in Solano County, and alleging that the lands were in Napa County, where they had been duly assessed for taxes for 1861, and that he had paid the taxes for that year, in that county. The plaintiffs demurred to the answer, on the ground that it did not conform to the provisions of section forty-two of that Act, and the demurrer was sustained, and the defendant declining to answer, judgment was rendered for the plaintiff. The defendant appealed and the judgment was affirmed. The remittitur was filed in the Court below on the 7th day of July, 1863. On the 27th of April, 1863, an Act was passed, which took effect from its passage, amending section forty-two of the Revenue Act of 1861, by adding another defense, viz: "Fourth. That the land is situate in

18

and has been duly assessed in another county and the taxes thereon paid," and providing that in pending suits the fourth ground of defense may be interposed, and that if the suit has proceeded to judgment, which remains wholly unsatisfied, the defendant may have the judgment reopened for the purpose of setting up the defense mentioned in the fourth subdivision, and he was then entitled by the Act, to avail himself of the defense, as fully as in cases thereafter to be commenced. The defendant, on the 20th day of August, 1863, moved that the judgment be reopened as provided in said Act, and the Court having set the same for hearing on the first day of the ensuing term for Napa County, and the defendant having filed his petition, setting up that the land was situated in Napa County, that it had been duly assessed for taxation for the year 1861 in that county, and that he had paid the taxes thereon, the Court ordered the judgment to be reopened. From this order plaintiff appeals.

The only error assigned by appellants is that the Court erred in ordering the judgment to be opened, and allowing the respondent to interpose a further defense.

The appellants now raise the objection that the respondent did not pursue the remedy afforded by the amendatory Act of 1863, with due diligence. The statute does not prescribe the time within which the motion must be made; and if the respondent was governed in this respect by the provisions of the Practice Act, the question of diligence was for the Court below, in the exercise of a sound discretion, and we would not be justified in reversing its action, except in case of an abuse of discretion. Besides this, the appellants failed to make the objection in the Court below.

The most important point in the case urged by the appellants, is that the Act of April 27th, 1863, is unconstitutional and void, so far as it is applicable, by its terms, to cases in the condition of this case; and in support of the proposition he says that by virtue of the judgment of the Court below, and its affirmance by the Supreme Court, the right of the appellants became vested, that the judgment was a final determina-

tion of the controversy between the parties, and that the Act amounted in substance to the grant of a new trial to the respondent, and as such, was void, because it was an usurpation by the Legislature of the functions of the judiciary.

It will be observed that the Act was passed and took effect twenty-two days previous to the entry of the judgment of the Supreme Court, and therefore the appellants, at the time the rights claimed under the statute accrued to the respondent, did not have a vested right in the judgment, but their rights were limited to their cause of action, the appeal having suspended the operation of the judgment. (*Thornton* v. *Mahoney*, 24 Cal. 569.)

The appellants have argued, with much force and learning, the proposition that the Act amounting simply to an order granting a new trial, is unconstitutional and void. If their construction of the Act is correct it would be difficult, if not impossible, to maintain the Act when applied to causes that have passed to judgment, and, perhaps, to pending causes in which the issues have been found, for it would be justly regarded as an assumption of judicial powers by the legislative department. But we think that construction is not correct, and that the Act may be upheld on other principles.

If a statute is susceptible of two constructions, one of which is consistent and the other inconsistent with the restrictions of the Constitution, it is the plain duty of the Court to give it that construction, which will make it harmonize with the Constitution, and comport with the legitimate powers of the Legislature. A correct understanding of the results, intended to be accomplished by the Act, must be had, before it can be determined whether the means employed are legitimate. Although the Act in question, if applied to a case which was in a condition similar to that of the present case at the time of the passage of the Act, and which was being litigated between individuals, would be declared by the Court to be unconstitutional, yet it does not follow that it would be so declared in a case to which the State is a party.

In this case the State is plaintiff, and during the progress of

the litigation, and upon the rendition of the judgment, she had the same rights and privileges, in relation to the proceedings in the action, as those that pertain to any plaintiff in an action. It makes no difference in this respect that she assert her rights by means of an Act of the Legislature, or by any other means that a private person is not entitled to employ. Without doubt the State might remit the whole of the tax before or after bringing the suit, or enter satisfaction of the judgment for the tax without receiving payment, or upon any terms the defendant might assent to. A plaintiff may consent that the judgment in his favor be reopened, in order that the defendant may present a new issue for trial, without regard to the question whether the defendant had an opportunity to have presented that issue in the former trial ; and if he does so consent, no one, and certainly not the plaintiff, can complain of the giving of the consent.

Was anything more or further intended to be accomplished by the Act, so far as it had relation to a suit that had passed to a judgment, than to declare that the plaintiff thereby consented that the judgment might be reopened, upon proceedings to be taken by the defendant, and that when it was reopened the defendant might set up in his answer the fourth ground of defense mentioned in the Act?

The Legislature seems to have considered that a defendant ought to be permitted to show that his real estate was not subject to taxation in the county where it was assessed, because it was not situate in that county, and to have been of the opinion that, under the Revenue Act of 1861, the defendant could not set up that fact as a defense to the action. It is unnecessary for us to determine whether or not the defendant was deprived by that Act, or could by any Act of the Legislature be precluded from showing that a parcel of his property was not subject to taxation in two or more counties at the same time ; but the Legislature, holding the view that the defendant, by the words of that Act, had been deprived of the benefit of a defense that of right he should have possessed, resorted to the amendatory Act, to manifest the consent of

the State, as the plaintiff in the action, that the defendant might move without objection by the plaintiff, that the judgment might be reopened so that the defendant could set up the defense of which he had previously been deprived. The object to be accomplished was unquestionably proper, and we think the means employed were within the powers of the Legislature, when acting for and on behalf of the plaintiffs in the actions that were the subject of the legislation.

The people cannot complain that they have been divested of their vested rights, for they have voluntarily consented to the reopening of the judgment. The Act is not liable to the objections that might be urged with great, if not conclusive, force against an Act that should attempt to reopen a judgment in a single specified action, or to prescribe the time, place or manner of its trial; for this Act is general in its application, and is essentially a law, and not merely a direction given to a Court.

The order appealed from is affirmed, and the cause is remanded for further proceedings.