CALKINS and another vs. THE STATE.

*Legislative power to grant new trial after final judgment against the state.*

1. In general, where parties to an action have had their rights determined by a final judgment, the controversy being closed under existing laws, a subsequent act of the legislature granting a new trial would be void.
2. But when such final judgment is in favor of *the state,* it may, by legislative act, waive the benefit of such judgment, and authorize the granting of a new trial on the application of the adverse party.

This was an action, brought in this court, to recover a balance alleged to be due the plaintiffs for work performed under a contract for doing the state printing. Former proceedings and decisions in the cause will be found in 13 Wis., 389-398.

*S. U. Pinney*, for the plaintiffs.

*The Attorney General*, for the state.

COLE, J.   On a stipulation signed by the attorney general in accordance with the provisions of chapter 64, Laws of 1866, a motion is made on the part of the plaintiffs to vacate and set aside the final judgment entered in this cause, and to reinstate the case upon the calendar in the same condition it was in when the special verdict was returned to this court from Milwaukee county.   The attorney general has further stipulated, as authorized by this enactment, that the various sums of money appropriated from time to time to the plaintiffs in payment of their accounts for printing done for the state, and the receipts given by them therefor, shall not be held to effect a compromise or final settlement of their accounts, or in any way bar their recovery of any sum of money which may equitably be found due them on a retrial of the cause upon its equities and merits.

The point was taken by the attorney general, that it was not competent for the legislature thus to interfere and authorize him to set aside a final judgment of this court, and grant a new trial.   If the cause were one between individuals, we should clearly be of the opinion that this objection must prevail. For we have held in the case of *Davis v. President and Trustees of Menasha*, [*ante*, p. 491], that when parties have exhausted all their legal remedies, and when their rights have been definitively settled and determined by final judgment, the controversy being closed under the existing laws, the legislature cannot constitutionally pass an act granting a new trial in such a case; that such legislation under such circumstances has the

effect to destroy the rights of parties vested under the judgment; and, furthermore, is the exercise of judicial power, not lodged with the law-making power under our constitution. But none of these objections can apply here, for the very obvious reason that the state is a party, and certainly can waive any right or advantage which it has secured by the judgment already rendered. The legislature, on behalf of the state, has in effect consented that the judgment be set aside, and that a further trial of the issues may be had. We know of no principle of constitutional law which forbids the legislature from doing this. We are considering the question of power merely, not the wisdom or propriety of such enactments. It is impossible to say that the legislature has violated any provision of the constitution in passing this law granting a new trial where the state is the sole defendant. If any authority were necessary upon so plain a proposition, it will be found in the case of *The People v. Frisbie*, 26 Cal., 135, where a similar point was decided.

*By the Court.*—The motion is granted.

Mr. Justice DOWNER, having been of counsel for the state in. this case when tried at the circuit, took no part in the de- cision.