## STATE *vs.* JAMES C. DEXTER.

It is competent for the public, by a resolution of the general assembly, to allow an appeal to be taken against itself out of due time.

A resolution of the general assembly allowing an appeal to be taken from the doings of a town council laying out a highway, after the time allowed by the statute for taking the same has expired, is not an infringement of private rights, in a case where no damages for the layout were awarded to any person except the appellant, and, there being no private right to be impaired by the appeal, it is compent for the general assembly to consent to it on behalf of the public, and such a resolution is not unconstitutional.

INDICTMENT against the defendant, charging him with obstructing a public highway or driftway in the town of Cumberland.   At the trial of the case at the December Term, 1871, of the Court of Common Pleas for this county, before Mr. Justice *Burges* and a jury, to prove the existence of the driftway, the counsel for the state submitted to the court and jury copies of the records of the proceedings of the town council of Cumberland for the layout of the driftway, under date of November 7, 1853, and April 3, 1854.

The counsel for the defendant submitted to the court and jury the record of a petition of T. W. Dexter, the then proprietor of the land through which said driftway was laid out, to the general assembly, at the January session, 1855, and of the vote of the general assembly thereon, granting the privilege of appeal to the Court of Common Pleas, June Term, 1855, from the layout of said driftway, together with copies of the record of said Court of Common Pleas, showing the due entry of such appeal therein, and the proceedings of the court thereon, and submitted to the court certain prayers for instruction to the jury, which, with the exceptions alleged after a verdict of guilty had been rendered, are sufficiently stated in the opinion of the court.

The case was now heard on the defendant's exceptions, and motion for a new trial.

*Currey*, for the defendant, in support of the exceptions. I. The court below erred in refusing to instruct the jury, as requested at the trial, that they should find the defendant not guilty, if they should find that Timothy W. Dexter had duly appealed from the layout of said driftway, as authorized to do by said resolve of the general assembly, because such appeal would vacate and annul all proceedings, orders, and decrees of the town council for the layout of said driftway. *Furber* v. *Carter*, 2 Sneed, 1, 3; *Nichols* v. *Colville*, 1 Tenn. 82; *Suggs* v. *Suggs's Ex'rs*, 1 Tenn. 2, 3; *Thompson* v. *Thompson*, 1 N. J. Law, 161; *Campbell* v. *Howard*, 5 Mass. 376; *How* v. *How*, 5 Mass. 375; *Keen* v. *Turner*, 13 Mass. 266; *Paine* v. *Cowdin*, 17 Pick. 742.

II. The court below erred in refusing to instruct the jury, as requested at the trial, that they should find the defendant not guilty, because the order of the Court of Common Pleas at the June Term, 1856, in relation to said appeal of Timothy W. Dexter, in the words, "Appeal dismissed and proceedings dismissed," had the effect in law to annul, vacate, and make void all the proceedings and orders in relation to the layout of said driftway. *Furber* v. *Carter*, 2 Sneed, 1, 3.; *Dossett* v. *Miller*, 3 Sneed, 74; Public Laws R. I. Dig. 1844, pp. 134–5, § 31; Rev. Stats. 1857, chap. 191, § 9; *Campbell* v. *Howard*, 5 Mass. 377–8; *Keen* v. *Turner*, 13 Mass. 266.

III. The appeal granted by the general assembly was a legislative act, competent for the legislative power to perform, and was not an encroachment upon the judiciary. 1. There is a clear distinction between appeals and new trials. New trials are adjudged for reasons in the law; appeals are granted for reasons in the mind of the law-giver. 2. New trials exist at the common law, as a part of our judicial system for the correction of errors by the same tribunal which committed them. Appeals are derived from the statute laws for the correction of errors of inferior tribunals by superior tribunals. 3. Where no appeal exists by statute, or the right has been lost, the judiciary is silent and powerless. In such case the legislative power interposes its wider remedial jurisdiction, not by adjudging causes itself, but by providing that they may be adjudged by the courts of last resort, according to the general design of the law. 4. New trials con-

demn and annul judgments; appeals vacate them, but so that the parties are still in court, and are only remanded to a higher tribunal, where if the appeal is not prosecuted the judgment below shall be confirmed.

IV. This case is distinguished from all cases between party and party as private citizens, in that the state, which by its legislature granted ‚the appeal, is the party whose attorney general raises the constitutional objection.

*Rogers*, for the state, *contra.* I. As a matter of construction, the vote of the general assembly does not legally close said driftway. While said vote recognizes the driftway as duly and legally opened, it nowhere directly declares the same to be useless, or orders it to be closed or discontinued, or authorizes any one else to close or discontinue it. The only language that can be construed into any such implication, the proviso at the end of the vote, "that until the end of the next term of the Court of Common Pleas, said driftway remain open as by said town council ordered," had no effect on its legal status, the driftway being already legally open, except as a recognition of the lawfulness thereof.

II. The vote of the general assembly was wholly incongruous, nugatory, and void. 1. Because, while it purports to give a right of appeal in the layout of a driftway, it can have no effect, as all legal proceedings, that the vote in some manner presumed had not become final, had in fact become final, and from the nature of things, rights or property that have finally vested by act of law cannot be opened on appeal. A legislature has no power to grant to parties a right to appeal, after it is gone under the general law. *Burch* v. *Newbury*, 10 N. Y. 386; *Hill* v. *Sunderland*, 3 Vt. 507; *Lewis et al.* v. *Webb*, 3 Greenl. 326. Cooley's Constitutional Limitations, 95. 2. Because if it is claimed that said vote is sufficient to close said driftway, and place back the whole proceedings of the town council to the same state as they were before the time for taking an appeal therefrom had expired, said vote is unconstitutional and void, and the case at bar is exactly parallel with that of *Taylor* v. *Place*, 4 R. I. 324. Town councils are courts within the meaning of the Constitution of the state, article x. § 1. They are made courts of probate by Rev. Stat. chap. 151, § 1, and in the highway act judicial duties are

prescribed to them, and appeals allowed from their decisions in certain cases. A legislature has no power to pass any act dispensing with any general law in favor of a particular case. *Lewis et al.* v. *Webb*, 3 Greenl. 326 ; *Durham* v. *Lewiston*, 4 Greenl. 140 ; *Holden* v. *James*, 11 Mass. 396 ; *Piquet, appellant*, 5 Pick. 64 ; *Budd* v. *State*, 3 Humph. 483 ; *Wally's Heirs* v. *Kennedy*, 2 Yerg. 554 ; Cooley's Constitutional Limitations, 392, and notes.

III. That private parties have interests to be affected by the discontinuance of a highway, is clearly demonstrated by the fact that chap. 508 of the Public Laws permits an appeal from an order of a town council declaring a highway useless. In Massachusetts this interest is recognized by statute. Gen. Stat. of Mass. chap. 43, § 14 ; *Hallock et al.* v. *County of Franklin*, 2 Met. 558.

DURFEE, J. This case comes before the court upon exceptions to rulings of the Court of Common Pleas, made upon the trial of an indictment of the defendant for obstructing a public highway or driftway, in the town of Cumberland. On the trial of said indictment the attorney general, in order to prove the existence of said highway or driftway, produced certified copies of the record of the proceedings of the town council of the town of Cumberland, showing that said highway or driftway had been formally laid out, and that the same had been established and laid open as a driftway by the decree of said town council, on the third of April, 1854. No appeal was taken from this decree within the time allowed by the statutes for the taking of an appeal therefrom. The defendant, however, produced a resolution of the general assembly, passed at its January session, A. D. 1855, authorizing one Timothy W. Dexter, a person through whose farm said driftway was laid out, to appeal from the decree establishing the same to the Court of Common. Pleas for the June Term thereof, A. D. 1855, with the same effect (subject to a qualification not affecting any point before us) as if the said appeal had been duly taken ; and also a copy of the record of said court showing that said appeal was taken in pursuance of said resolution, and continued by said court from term to term, until the June Term, 1856, when, upon suggestion of. the death of the appellant, it was ordered that the appeal and the proceedings be dismissed, and that the same were dismissed accordingly, the

entry on the docket being " Appeal dismissed, proceedings dismissed." In view of this testimony, the counsel for the defendant requested the court in effect to charge the jury that if they should find that the appeal authorized by said resolution was taken in pursuance thereof, they should find the defendant not guilty, unless they should also find that the action of the town council of Cumberland, in laying out said highway or driftway, was confirmed by the Court of Common Pleas, and also that they could not find the defendant guilty, because the dismissal of the appeal and proceedings of the Court of Common Pleas had the effect to vacate all orders and decrees of the town council of Cumberland establishing said driftway. The court declined so to charge the jury, but charged that the defendant might be found guilty, notwithstanding said appeal, and the order of the court consequent thereon.

There is no question but that the orders and decrees of the town council would have been vacated by the appeal, and also by the order of the Court of Common Pleas consequent thereon, if the appeal had been duly taken; but, the time allowed by statute for an appeal having past without an appeal, it is claimed that the driftway became permanently established, and could not afterwards be affected by the appeal authorized by the general assembly, for the reason that the resolution authorizing the same was unconstitutional and void. The cases cited in support of this view are to the effect that a legislature has not the power to authorize an appeal in a case between private parties, after the time allowed for an appeal has passed; nor, in such a case, to dispense with a provision of the general law. Here, however, the appeal was authorized, not in a case between private litigants, but in a proceeding for the layout of a public highway. Such a proceeding, however initiated, is carried on for the public; and virtually, therefore, the question is whether it is competent for the public, by a resolution of the general assembly, to allow an appeal to be taken against itself out of due time. We can conceive of no reason why the public should not have as good a right as an individual to waive a statutory provision in its own favor, unless such waiver is inconsistent with private rights, nor why the waiver should not be made by a resolution of the general assembly, unless the general assembly is incompetent to

act for the public in making such waiver. If this be so, then there are two questions only to be considered in this connection, to wit: 1st. Was the appeal an infringement of private rights? and, if not, 2d. Had the general assembly power to authorize it in behalf of the public?

As to the first question: Ordinarily an appeal, by vacating all orders and decrees of the town council, would annul not only the establishment of the highway, but also the award of damages to persons whose lands were subjected to it; and therefore such an appeal, authorized after the time for an appeal had expired, would, if in our state the power of the legislature is subject to the usual limitations, infringe the rights of such persons to the damages awarded them, — those rights having, by the expiration of the time for an appeal without an appeal, become absolute. But the record of this layout shows that no damages were awarded to any person except the appellant, others having agreed to give their land without compensation. The appeal therefore did not infringe any right to damages, and we have simply to inquire whether it could have infringed any other private right. We do not know of any other private right which could be infringed by the appeal. It is urged that the appeal operates as a discontinuance of the highway, and private parties have interests which are affected by such discontinuance. This is so, without doubt. In the case of any highway, there may be persons who have a strong pecuniary interest in its continuance; but an interest in the continuance of a highway is very far from being a private right to its continuance. Such an interest is similar to the interest which a man may have in his neighbor's garden or pleasure-ground, — the continued existence of which may add greatly to the value and enjoyment of his own estate, but which nevertheless he cannot prevent his neighbor from converting to any other lawful purpose. The interest is disjoined from any right, and the damage which results from the change is simply that familiar form of damage which is known to the law as *damnum absque injuria*. In the absence of any statute conferring private rights, no individual has any *right* in a highway, however much he may be benefited by it beyond others, except the right to which he is entitled as one of the public. We do not think, therefore, that the resolution authorizing the appeal was invalid as being an infringement of private rights.

State *v.* Dexter.

We come now to the second question, which is whether, there being no private right to be impaired by the appeal, it was competent for the general assembly to authorize or consent to the appeal in behalf of the public.   It has always been the practice of the general assembly to represent the public in particular public matters calling for special action, and we are not aware that its authority so to do has ever been questioned.   Nor can we see any reason why the authority should not extend to a particular public highway.   Indeed in Pennsylvania, it has been held that the legislature has the power to vacate a public street without the consent of those whose private interests may be affected by it, and without providing for compensation for the injury.   *Paul* v. *Carver*, 24 Pa. St. 207 ; *Bauer* v. *Andrews*, 7 Phil. 359 ; and see *People* v. *Ingham County*, 20 Mich. 95 ; and, certainly, if the legislature has this  plenary power to vacate a particular highway by its own direct action, it has *a fortiori* (in the absence of any other objection), the narrower power to authorize or consent to an appeal which, in its final disposition, may or may not lead to the same result.   In the case of *The People* v. *Frisbie*, 26 Cal. 135, it was held that an act of the legislature, reopening a judgment in favor of the people in a civil action, and granting a new trial, is a mere consent of the people, as one of the parties to the judgment, that a new trial be granted, and is not unconstitutional.

We think, for these reasons and upon the authority of these cases, that the resolution was not unconstitutional, and that consequently the appeal taken in pursuance thereof would have the effect to vacate the orders and decrees of the town council establishing the highway in question, and that therefore the exceptions to the rulings of the Court of Common Pleas in relation to the same ought to be sustained.   The other exception set forth in the bill of exceptions was not much relied upon at the hearing, and we do not think it can be sustained.

We grant the defendant a new trial on account of the error in the other rulings abovementioned.            *New  trial  granted.*