ROBERT J. GREENAWAY'S CASE.

Hampden.    October 31, 1945. — January 31, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act*, Special fund; Procedure: appeal. *Waiver*. *Commonwealth*, Waiver.

A party to a workmen's compensation case who has not appealed from a decree entered in the Superior Court cannot seek to have the decree made more favorable to him when the case comes before this court upon another party's appeal.

By enacting St. 1943, c. 367, which amended § 65 of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, by reducing the amount to be paid into the "special fund" from $1,000 to $500, the Commonwealth waived any right to receive more than $500 upon a decree entered after the effective date of the amendment in the case of an employee whose death occurred before its enactment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Hammond*, J.

In this court the case was submitted on briefs.

*N. DeLeo*, Assistant Attorney General, for the Commonwealth.

*C. D. Sloan*, Associate City Solicitor, for the city of Springfield.

SPALDING, J.   A single member of the Industrial Accident Board found that on February 7, 1942, Robert J. Greenaway, a machinist, employed by the city of Springfield, hereinafter called the city, received a personal injury arising out of and in the course of his employment which caused his death on the same day.   There were further findings that the city had accepted St. 1913, c. 807; [1]  that there was no

---

[1] In G. L. (Ter. Ed.) c. 152, § 69, as amended, it is provided that the Commonwealth and any county, city, town or district having the power of taxation which has accepted St. 1913, c. 807, "shall pay to laborers, workmen and mechanics employed by it who receive injuries arising out of and in the course of their employment, or, in case of death resulting from such injury, to the persons entitled thereto, the compensation provided by this chapter."

evidence that the deceased had reserved his common law rights under. G. L. (Ter. Ed.) c. 152, § 24; that the deceased left no dependents within the meaning of the compensation act; and that the Commonwealth, which had filed a claim under G. L. (Ter. Ed.) c. 152, § 65, as amended,[1] was entitled to receive from the city the sum of $1,000. The reviewing board adopted the findings of the single member with certain modifications not here material. A final decree was entered in the Superior Court in accordance with the decision of the board except that the city was ordered to pay to the Commonwealth the sum of $500 instead of $1,000. The Commonwealth appealed.

The city challenges the decree on several grounds, but since it did not appeal we need not discuss them. It is settled that it is not open to a party who does not appeal to ask for a decree more favorable to himself. *Kilkus* v. *Shakman*, 254 Mass. 274, 280. *Coe* v. *Coe*, 313 Mass. 232, 234, and cases cited. It is, of course, ·open to him to contest any point raised by his opponent on the latter's appeal, but beyond that he cannot go unless he also appealed. *Gray* v. *Chase*, 184 Mass. 444, 452. We shall therefore discuss only the question raised by the Commonwealth's appeal.

At the time of the injury and death of the employee on February 7, 1942, the amount that the city was obligated to pay into the treasury of the Commonwealth under G. L. (Ter. Ed.) c. 152, § 65, as amended, was $1,000. By an amendment (St. 1943, c. 367 [2]) the amount required to be paid was $500. The claim of the Commonwealth was filed

---

[1] This statute as appearing in St. 1939, c. 465, § 3, on February 7, 1942, the date of the employee's injury and death, read as follows: "For every case of personal injury resulting in death covered by this chapter, except silicosis or other occupational pulmonary dust disease, when there are no dependents, the insurer shall pay into the treasury of the commonwealth one thousand dollars. Such payments shall constitute a special fund in the custody of the state treasurer, who shall make payments therefrom upon the written order of the department for the purposes set forth in section thirty-seven." It was held in *Hurley's Case*, 302 Mass. 46, that a city that had accepted the provisions of St. 1913, c. 807, was required, in the case of the death of an employee without dependents after receiving an injury within the workmen's compensation act, to make a deposit in the "special fund" under § 65 of the act as amended.

[2] This was approved on May 28, 1943, and, since it was not declared to be an emergency measure, it became operative not earlier than ninety days thereafter. *Ahmed's Case*, 278 Mass. 180, 182, 183.

on September 14, 1943. The question for decision is whether the amendment is applicable to this case. We think that it is.

It is true, as argued by the Commonwealth, that ordinarily statutes affecting substantive rights are interpreted as prospective in operation unless an intention that they shall operate retroactively clearly appears. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3–5. *Manley's Case,* 280 Mass. 331, 335. *Wynn* v. *Assessors of Boston,* 281 Mass. 245, 249. *Ring* v. *Woburn,* 311 Mass. 679, 682. Doubtless the reasons for this rule are that if such statutes were construed to operate retroactively, at least in so far as the previously acquired rights of individuals were affected, there might be hardship as well as constitutional difficulties. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3–5, and cases cited. *Mulligan* v. *Hilton,* 305 Mass. 5, 10. *Bernhardt* v. *Atlantic Finance Corp.* 311 Mass. 183, 189–191. Where statutes relate merely to the remedy or procedure and do not affect substantive rights, they have generally been held to operate retroactively. *Devine's Case,* 236 Mass. 588. *Hollingsworth & Vose Co.* v. *Recorder of the Land Court,* 262 Mass. 45, 47. *Ahmed's Case,* 278 Mass. 180, 189. *Ring* v. *Woburn,* 311 Mass. 679. Statutes of this class do not affect vested rights and constitutional questions do not arise.

In the case at bar it cannot be said that the obligation to make the payments into the treasury of the Commonwealth under G. L. (Ter. Ed.) c. 152, § 65, was a mere matter of remedy or procedure; it was a substantive duty. But the right to receive the payments belonged to the Commonwealth and it could be waived in whole or in part. It is generally held that where a State enacts retroactive legislation impairing its own rights, it cannot be heard to complain on constitutional grounds. *Jackson* v. *State,* 261 N. Y. 134, 139, 140. *Sweeney* v. *State,* 251 N. Y. 417, 419, 420. *People* v. *Frisbie,* 26 Cal. 135, 141. *Davis* v. *Dawes,* 4 Watts & Serg. 401, 402. *Henry* v. *McKay,* 164 Wash. 526, 535. *Demoville & Co.* v. *Davidson County,* 87 Tenn. 214, 223. To be sure in some of these cases the legislation provided expressly that it was to operate retroactively. Here that is not the case, but we

think that the Commonwealth acting through the Legislature has indicated that on and after the effective date of the amendment it would be willing to receive $500 instead of $1,000 and that the intention was that the amendment should operate retrospectively as well as prospectively. Such a construction, as pointed out above, would raise no constitutional questions. A different question might be presented if the amendment, instead of diminishing the amount required to be paid into the fund by the insurer, had increased it.

*Decree affirmed.*