ABRAM J. BERKWITZ, petitioner.

Suffolk.     May 6, 1948. — June 7, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Attorney at Law. Rules of Court. Supreme Judicial Court*, Rules of court. *Jurisdiction*, Membership in bar. *Practice, Civil*, Membership in bar. *Superior Court*, Jurisdiction.

Upon the effective date of the general rules in relation to attorneys adopted by this court effective on July 2, 1945, 318 Mass. 784, the Superior Court was deprived of the jurisdiction which it had had under G. L. (Ter. Ed.) c. 221, § 37, of a petition, then pending in that court, for readmission to the bar by one who had been disbarred by a judgment of this court.

The Superior Court, in dismissing for want of jurisdiction a certain petition for readmission to the bar of which only the Supreme Judicial Court had jurisdiction, had no power to provide that the dismissal should be "without prejudice to the transfer . . . [of the petition]

---

to" the Supreme Judicial Court; the dismissal should have been without prejudice to the bringing of a new petition in the Supreme Judicial Court.

PETITION, filed in the Superior Court on April 6, 1942.

The case was heard by *Brogna*, J.

*R. T. Parke*, (*P. A. Dever* with him,) for the petitioner.

*C. B. Rugg*, (*J. J. Phelan, Jr.*, with him,) for the Bar Association of the City of Boston.

*C. A. Barnes*, Attorney General, & *B. M. Hall*, Assistant Attorney General, for the Attorney General, submitted a brief.

DOLAN, J. The petitioner was admitted to the bar of this Commonwealth on February 23, 1906. He was removed from his office of attorney at law in the courts of this Commonwealth by a judgment of this court entered on November 24, 1934. On April 6, 1942, he filed in the Superior Court for the county of Suffolk a petition for readmission to the bar. After the entry of that petition, it was referred to the board of bar examiners, who reported on January 27, 1943, that the petitioner possessed the necessary intellectual qualifications and legal attainments required to warrant his admission to the bar. An order of notice issued to the Bar Association of the City of Boston which filed a special answer on March 19, 1943. The Attorney General filed a petition for leave to intervene on April 22, 1943. The case was inactive until August 7, 1946. On that day the petitioner filed a motion that the answer of the Bar Association of the City of Boston be struck from the record. On October 21, 1947, the association filed a motion that the petition be referred to the board of bar examiners to inquire fully into the moral character of the petitioner and to report to the court its finding and recommendations with respect thereto as required by Rule 7 of the General Rules in Relation to Attorneys, adopted by this court on June 25, 1945, to become effective on July 2, 1945. 318 Mass. 784, 788. The association also filed on the same day a motion to dismiss the petition without prejudice to the filing of a similar petition in the Supreme Judicial Court on the ground that the rule just referred to requires that an application for admission to

the bar by a person who has been disbarred in this Commonwealth must be filed in the court which entered the judgment of disbarment. Pertinent provisions of the General Rules in Relation to Attorneys adopted by this court on June 25, 1945, as before stated, are these: "Ordered, by the Justices of the Supreme Judicial Court, that the following general rules be and they hereby are adopted, applicable both in the Supreme Judicial Court and in the Superior Court, and superseding heretofore existing rules of said courts in relation to the admission and discipline of attorneys, and that these general rules shall remain in force until otherwise ordered by the Justices of this court. 1. Any citizen of the United States and any alien who has made the primary declaration to become a citizen of the United States under federal laws and who has not claimed exemption from military service on the ground of being an alien, if twenty-one years of age or over, may apply for admission as an attorney. Every application, including applications by persons who have been disbarred, shall be made by a petition either to the Supreme Judicial Court or to the Superior Court, accompanied by the recommendation of a member of the bar of this Commonwealth. Such petition shall be filed in the county where the applicant resides or in the county of Suffolk, but in the case of a person disbarred the petition shall be filed in the county and court in which the judgment of disbarment was entered. . . . 7. The foregoing rules in relation to admission shall apply in all respects to applications by persons who have been disbarred in this Commonwealth, except that in no event may such an application be filed until at least five years have elapsed since the judgment of disbarment and that it must be filed in the court which entered that judgment and in the county in which it was entered. In such cases the applicant shall not be subject to the provisions of Rule 3 relating to preliminary, general and legal education. The board shall first determine whether such an applicant possesses sufficient intellectual acquirements and qualifications to warrant his admission to the bar." On November 25, 1947, the case came on for hearing on the petition of the Attorney General

for leave to intervene and on the motions above described. The judge took no express action on those matters, but on December 2, 1947, entered the following ruling and order: "I rule that this court is now without jurisdiction in the matter. Petition dismissed without prejudice to the transfer thereof to, or to the bringing of a similar petition in the Supreme Judicial Court." The exception of the petitioner to that action of the judge brings the case here.

The petitioner contends that the rules above set forth in their precise terms relate only to the filing of applications subsequent to the effective date of the rules (July 2, 1945), and that since his application for readmission to the bar was filed in the Superior Court on April 6, 1942, under the provisions of G. L. (Ter. Ed.) c. 221, § 37, conferring concurrent jurisdiction upon the Supreme Judicial Court and the Superior Court of petitions for admission to the bar, the Superior Court had jurisdiction to hear and determine his petition, unaffected by the rules subsequently adopted by this court. In support of those contentions the petitioner cites decisions of this court to the effect that rules adopted within the rule making power of the judicial department have the force of statutes, are subject to the same rules of construction, and are not to be given retrospective operation in the absence of plain indication to the contrary.

The case of *Keenan, petitioner*, 310 Mass. 166, discloses that Keenan had been disbarred by a judgment entered by a single justice of this court on October 19, 1934, after rescript from the full court. On December 28, 1939, he filed a petition in the Superior Court for readmission to the bar. The required formalities of the rules relative to admission to the bar were complied with; and notice of the petition having been issued and served upon the Bar Association of the City of Boston, it objected that the Superior Court was without jurisdiction to hear the petition. The judge ruled that the court did have such jurisdiction and reported his ruling to this court. And this court held that the Superior Court did have jurisdiction of the petition, that G. L. (Ter. Ed.) c. 221, § 37, conferring jurisdiction upon the Superior Court concurrently with the Supreme Judicial

Court to admit persons to the bar, embraced petitions for readmission to the bar by persons previously disbarred, and that § 37 was not unconstitutional as an interference by the legislative department with the judicial department or with the constitutional powers of this court, at least until it otherwise fixes the jurisdiction of that subject matter.

After rescript in that case, Keenan was readmitted to the bar by an order or judgment entered in the Superior Court. Thereafter an order was entered by this court directing that informations by the Attorney General and certain bar associations seeking a review of the proceeding in which Keenan was readmitted to the bar be received and that notice issue thereon. These informations then came on for hearing before the full court, and after arguments and consideration it was held that this court had jurisdiction to review the proceeding in which Keenan had been readmitted to the bar, and it was ordered that the Chief Justice of the Superior Court send us the record of that proceeding. *Matter of Keenan*, 313 Mass. 186, 222–223. This having been done, the informations came before the full court for hearing on the merits, and after arguments and consideration it was adjudged that the order or judgment of the Superior Court whereby Keenan was reinstated to the office of attorney at law in the courts of this Commonwealth be annulled. *Matter of Keenan*, 314 Mass. 544 (decided September 14, 1943).

It is to be observed that the three cases just referred to were decided before the adoption of the General Rules in Relation to Attorneys by this court on June 25, 1945. The matter of formulating new rules in relation to attorneys was referred by the full court to a committee of the Justices for consideration not only of the necessity of changes suggested by the situation that developed in the *Keenan* cases but also of the necessity or advisability of changes in other respects not here material. Conferences were held by the committee of the Justices with the representatives of bar associations and of the board of bar examiners. After study the committee reported a draft of new rules in relation to attorneys, and after consideration the General Rules in Relation to

Attorneys were adopted by the full court on the date above set forth to be effective July 2, 1945. They were adopted for the preservation of the purity of the courts, the maintenance of the integrity of the bar, and the protection of the public.

It is fully established that the control of membership in the bar is vested exclusively in the judicial department of our government. See *Opinion of the Justices*, 279 Mass. 607, 609, 611; 289 Mass. 607, 612, 615. By art. 30 of the Declaration of Rights it is provided that "the legislative department shall never exercise the executive and judicial powers, or either of them . . . ." In the first *Keenan* case it was said in substance that any statute purporting to regulate admission to the bar is to be interpreted if possible as in aid of the judicial department in performing its judicial functions in that regard, but not as a limitation upon the actions of the judicial department. And in holding that the statute (G. L. [Ter. Ed.] c. 221, § 37) conferring jurisdiction on the Superior Court concurrently with the Supreme Judicial Court to admit persons to the bar included that of applications for readmission to the bar by persons previously disbarred was not unconstitutional as an interference by the legislative department with the constitutional powers of this court, at least unless this court otherwise fixes the jurisdiction of that subject matter, it was pointed out that this court had not by its rules excluded the Superior Court from jurisdiction of petitions for admission or readmission to the bar (pages 180–182). And in the second *Keenan* case the court said, "Subject to the limitation that the essential elements of notice and opportunity to be heard must be preserved, the judicial department, in view of its exclusive control of membership in the bar, may adopt any procedure in a disbarment proceeding that it deems appropriate for such a proceeding." *Matter of Keenan*, 313 Mass. 186, 204.

It is true, as urged by the petitioner, that statutes affecting substantive rights are interpreted as prospective only unless an intention that they shall operate retroactively clearly appears. The reason for this rule as stated in

*Greenaway's Case*, 319 Mass. 121, 123, is that "if such statutes were construed to operate retroactively, at least in so far as the previously acquired rights of individuals were affected, there might be hardship as well as constitutional difficulties." It is also true that the same principle applies to rules of court, which have the force of law and are just as binding on the court and the parties as would be a statute. *Kaufman* v. *Buckley*, 285 Mass. 83. But as is said in *Greenaway's Case*, "Where statutes relate merely to the remedy or procedure and do not affect substantive rights, they have generally been held to operate retroactively. . . . Statutes of this class do not affect vested rights and constitutional questions do not arise" (page 123). *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1. *Manchester* v. *Popkin*, 237 Mass. 434. *Paraboschi* v. *Shaw*, 258 Mass. 531. *Hollingsworth & Vose Co.* v. *Recorder of the Land Court*, 262 Mass. 45, 46–47. *Ring* v. *Woburn*, 311 Mass. 679, 682. In the present case the rules in question affect no substantive or vested rights of the petitioner. He has no inherent right to practise law. *Matter of Keenan*, 314 Mass. 544, 546. Indeed he asserts no such right. He is not deprived of the right accorded to him by the rules of presenting a petition to be readmitted to the bar to the court in which the judgment of disbarment was entered in his case. Upon the effective date of the adoption of our General Rules in Relation to Attorneys, by rules 1 and 7 the jurisdiction previously conferred upon the Superior Court by G. L. (Ter. Ed.) c. 221, § 37, to hear the present case was superseded and the Superior Court was thereafter without jurisdiction to hear it.

The judgment or order entered in the court below dismissing the petition purports to reserve to the petitioner the right to "the transfer thereof" to the Supreme Judicial Court, as well as the right to bring a similar petition in the Supreme Judicial Court. Having no jurisdiction of the petition the court below was without authority to reserve a right of transfer thereof to the Supreme Judicial Court. The exceptions of the petitioner are overruled and judgment is to be entered dismissing the petition without preju-

dice to the right of the petitioner to file a petition for re-admission to the bar in the Supreme Judicial Court for the County of Suffolk.

*So ordered.*