ERNEST E. LINDBERG *vs.* STATE TAX COMMISSION.

Suffolk. October 3, 1956. — December 6, 1956.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Taxation,* Income tax; Appellate Tax Board: appeal to Supreme Judicial Court. *Statute,* Retroactive statute.

An appeal might properly be taken to this court under G. L. (Ter. Ed.) c. 58A, § 13, from a decision of the Appellate Tax Board dismissing an appeal from denial by the State tax commission of an application for an abatement of a tax on income; the provisions of c. 62, §§ 45, 48, did not bar the appeal to this court. [142]

St. 1954, c. 269, amending § 43 of the income tax law, G. L. (Ter. Ed.) c. 62, by extending the time for applying for an abatement of an income tax from one year to three years after the last day for filing the return, made seasonable an application filed on April 13, 1955, for an abatement of a tax on 1951 income respecting which the last day for filing the return was April 15, 1952. [143–144]

APPEAL from a decision by the Appellate Tax Board.

*Howard V. Foulke,* for the taxpayer, submitted a brief.

*Samuel W. Gaffer,* Assistant Attorney General, (*Robert C. M. Mulcahy* with him,) for State tax commission.

*George B. Lourie & John P. Martin,* by leave of court, submitted a brief as amici curiae.

RONAN, J. This is an appeal by the taxpayer from a decision of the Appellate Tax Board dismissing an appeal to the board from denial of an application for a partial abatement of a tax on income for the calendar year of 1951. The tax was paid in accordance with a return filed on April 15, 1952. The taxpayer filed an application for abatement with the State tax commission on April 13, 1955,

claiming an error in the return he filed on April 15, 1952. The commission denied the application as filed too late under G. L. (Ter. Ed.) c. 62, § 43, as amended. The taxpayer then appealed to the board.

The commission points to G. L. (Ter. Ed.) c. 62, §§ 45, 48, the first providing that the decision of the board shall be final and conclusive, "except as otherwise provided herein," and the second that the "remedies provided by sections forty-three to forty-seven, inclusive, shall be exclusive." The instant appeal, however, is brought under G. L. (Ter. Ed.) c. 58A, § 13, which allows an appeal from "any decision" of the board. Similar appeals have been previously entertained. We think the case is properly here. *Commissioner of Corporations & Taxation* v. *Alford,* 282 Mass. 113. *Brink* v. *Commissioner of Corporations & Taxation,* 299 Mass. 280. *United States Trust Co.* v. *Commissioner of Corporations & Taxation,* 299 Mass. 296. *Commissioner of Corporations & Taxation* v. *Bristol County Kennel Club, Inc.* 301 Mass. 27. *Commissioner of Corporations & Taxation* v. *Dalton,* 304 Mass. 147.

At the time the taxpayer filed his return on April 15, 1952, the statute expressly provided that the return for the year 1951 should be filed on or before April 15, 1952. St. 1951, c. 750, § 2. The statute at the time the return was filed, in fixing the time for applying for abatement, provided that "Any person who believes that the tax shown on the return filed by him pursuant to section twenty-two is excessive may apply in writing to the commissioner on a form approved by him for an abatement thereof at any time within one year from the last day for filing such return. . . ." G. L. (Ter. Ed.) c. 62, § 43, as amended by St. 1951, c. 528. It is plain that by virtue of this statute the taxpayer had until April 15, 1953, to file his application for abatement. This statute was superseded by St. 1954, c. 269, which inserted a new § 43 which then read as follows: "Any person who believes he has overpaid any tax imposed by this chapter may apply in writing to the state tax commission, hereinafter called the commission, on a form pre-

scribed by it for an abatement of any such overpayment of tax at any time within three years from the last day for filing the return required by this chapter, or within one year after the date of such overpayment, whichever occurs later. . . ." By this statute, if applicable, the taxpayer had until April 15, 1955, to file his application.

The question presented is whether the amendment of G. L. (Ter. Ed.) c. 62, § 43, by St. 1954, c. 269, extending the time for filing an application to three years from the filing of the return, applies or whether the right to file such an application expired in one year from the date of filing the return, in other words, whether it expired on April 15, 1953, or whether it was extended to April 15, 1955.

As a general rule, statutes creating or taking away substantive rights are interpreted as being prospective in their operation unless it clearly appears they were intended to be given a retrospective effect, *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3–5, *Wynn* v. *Assessors of Boston*, 281 Mass. 245, 249, *Opinion of the Justices*, 334 Mass. 711, 714; but statutes dealing with remedies or procedure usually apply to pending cases. *Smith* v. *Freedman*, 268 Mass. 38, 41. *Ahmed's Case*, 278 Mass. 180, 189. *Ring* v. *Woburn*, 311 Mass. 679, 682. *Berkwitz, petitioner*, 323 Mass. 41, 46–47. *Goddu's Case*, 323 Mass. 397, 399. It is not easy, however, at times to classify a retroactive statute as remedial and so permissive or so substantive as to impair vested rights and so unconstitutional. *Danforth* v. *Groton Water Co.* 178 Mass. 472, 475–478. In *Mulligan* v. *Hilton*, 305 Mass. 5, 10, where the Legislature by a second amendment clearly manifested an intention that the first amendment should be interpreted so as to give it a retroactive effect, it was held that one who had already lost his right to sue an estate by lapse of time was given that right by the second amendment. There is much here besides the phraseology of the statute that leads us to the conclusion that the 1954 amendment applies to the case at bar. It invites all persons who believe within three years of filing their returns that they have charged themselves with an

excessive tax to file an application for an abatement of the whole or a part of the tax. The former opportunity of one year to file such an application has come to an end and a period of three years is now afforded within which to file an application. The person filing the application is one who thinks he has at least a moral claim against the Commonwealth. The proceeding is adverse to the Commonwealth. It has nothing to gain but, on the other hand, may suffer a reduction in the tax. In a recent case, where at the time of the death of an employee leaving no dependents the statute, G. L. (Ter. Ed.) c. 152, § 65, required the insurer to pay $1,000 into a fund in the State treasury and after the death it was amended by reducing the amount to $500, it was held that the subsequent statute applied. *Greenaway's Case*, 319 Mass. 121, 123–124. The decision was based upon the theory that "It is generally held that where a State enacts retroactive legislation impairing its own rights, it cannot be heard to complain on constitutional grounds." We think the principle applies here.

The decision of the Appellate Tax Board dismissing the appeal is reversed and the case is to stand for further hearing before the board in conformity with this opinion.

*So ordered.*