MICHAEL J. WELCH[1] *vs.* MAYOR OF TAUNTON.

Bristol.   November 10, 1961. — January 24, 1962.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Public Officer.  Municipal Corporations,* Officers and agents.  *Statute,*
Retroactive statute.  *Equity Jurisdiction,* Declaratory relief.  *Words,*
"Appointing Authority."

The appointing authority of a municipality empowered to appoint the
members of its light board or commission has the power, under G. L.
c. 164, § 56E, inserted by St. 1960, c. 643, to remove a member thereof,
appointed by a former appointing authority, for "misfeasance or mal-
feasance in office or wilful neglect of duty" occurring prior to the
effective date of the statute. [488]

[1] The brief filed for Welch informs us that John J. O'Donnell, a plaintiff
named in the bill, ceased to be a member of the Municipal Light Commission
when his term expired in May, 1961.  References in the opinion are to Welch
as plaintiff.

A suit in equity for a declaratory decree is an appropriate proceeding for a determination of the power of the appointing authority of a municipality to remove a member of its municipal light board or commission under G. L. c. 164, § 56E, inserted by St. 1960, c. 643, even though the same question may be determined upon an appeal to the Superior Court under that statute by the removed member.   [489]

BILL IN EQUITY, filed in the Superior Court on February 8, 1961.

The suit was reported by *Swift, J.*

*Philip M. Cronin,* for the plaintiff.

*Joseph C. Duggan,* Special Assistant to the City Solicitor, (*Philip J. Assiran,* City Solicitor, with him,) for the defendant, submitted a brief.

WHITTEMORE, J.   This bill in equity for a declaratory decree, brought by a member of the Municipal Light Commission of Taunton (the commission), comes here on report of a judge in the Superior Court without decision.

1.   We are asked to determine whether G. L. c. 164, § 56E, inserted by St. 1960, c. 643 (effective December 7, 1960), empowers the mayor of Taunton to remove members of the commission, appointed by a former mayor, for a cause, stated in the statute, which occurred prior to its effective date.   For the reasons stated below we hold that it does.

Section 56E provides: "Any member of a municipal light board or municipal light commission appointed under the provisions of any general or special law may be removed by the appointing authority for misfeasance or malfeasance in office or wilful neglect of duty."   There are provisions for notice, hearing and appeal to the Superior Court.   Sections 56A to 56D, also newly inserted by St. 1960, c. 643, regulate in some detail the making of contracts by a municipal light commission.

Before the insertion of § 56E, the mayor had no power to remove a member of the commission.   St. 1909, c. 448 (the amended city charter), § 19.   Spec. St. 1919, c. 150 (the statute which established the commission).   *Adie* v. *Mayor of Holyoke,* 303 Mass. 295, 299, 302.   *Attorney Gen.* v. *Stratton,* 194 Mass. 51, 55.

Section 56E is an exercise of the unquestioned power of the Legislature to shorten the term of a public office. *Adie* v. *Mayor of Holyoke,* 303 Mass. 295, 302–303. *Taft* v. *Adams,* 3 Gray, 126, 129–131. *Collins* v. *Selectmen of Brookline,* 325 Mass. 562, 565. *Williams* v. *City Manager of Haverhill,* 330 Mass. 14, 15. See *Commonwealth* v. *Oliver,* 342 Mass. 82, 83–84. In the *Collins* case (p. 565) we said of public officers (members of a housing authority) that "the Legislature can . . . fix their tenure, . . . designate the causes for and method to be followed in their removal . . . change their duties, shorten or extend their terms of office, or even abolish . . . [the board], if deemed to be in the public interest."

It follows necessarily that the creation of a new way[1] of shortening the term deprives the office holder of nothing which he has a constitutional or statutory right to keep.

*Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3, states as a "general rule" that "all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication." Nevertheless, statutes "relating to remedies and not affecting substantive rights . . . commonly are treated as operating retroactively . . . ." *Ibid. Mulvey* v. *Boston,* 197 Mass. 178, 181. *Selectmen of Amesbury* v. *Citizens Elec. St. Ry.* 199 Mass. 394, 395–396. *Devine's Case,* 236 Mass. 588, 593–594. *Ring* v. *Woburn,* 311 Mass. 679, 682. *Greenaway's Case,* 319 Mass. 121, 123 ("constitutional questions do not arise"). *Berkwitz, petitioner,* 323 Mass. 41, 47. *Attorney Gen.* v. *Flynn,* 331 Mass. 413, 415. *Lindberg* v. *State Tax Commn.* 335 Mass. 141, 143–144. "[S]tatutes, . . . in the main remedial, in the broad as well as the narrow sense, are liberally interpreted in order to effectuate their purposes." *Wynn* v. *Assessors of Boston,* 281 Mass. 245, 249. See Greenblatt, Judicial Limitations on Retroactive Civil Legislation, 51 N. W. U. L. Rev. 540, 550–551, 561.

---

[1] For the preëxisting provision ending the term of a member of the commission upon conviction for criminal conduct in office, see G. L. c. 268, § 8; *Commonwealth* v. *Oliver,* 342 Mass. 82, 84.

Conversely, statutes which adversely affect substantive or vested rights are not construed to have retroactive effect unless the intent therefor necessarily appears. *Martin L. Hall Co.* v. *Commonwealth,* 215 Mass. 326, 329. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 6–7. *Paraboschi* v. *Shaw,* 258 Mass. 531, 533–534. *Bernhardt* v. *Atlantic Fin. Corp.* 311 Mass. 183, 190–191.

Section 56E, in providing for ending the term of commissioners who have done wrong in office, fills a gap in the statutory scheme in respect thereof. The statute does not purport to restrict the appointing authority, in the exercise of the removing power, to events occurring after its enactment. "[M]isfeasance or malfeasance . . . or wilful neglect of duty" in the office prior to enactment of the statute show unfitness to continue in the office, quite as much as such conduct thereafter. The intention that the new remedy be fully effective is of course implicit.

Section 56E may reasonably be described as remedial in a broad sense. In any case the legislative objective and the absence of any private right to be adversely affected establish its retrospective application.

It is insignificant that § 56E increased the consequences of the plaintiff's prior wrongdoing. No punishment or penalty is imposed on the plaintiff in any constitutional sense by the operation of § 56E. An official has no right, vested or otherwise, to do wrong without an effect upon his term of office beyond that specified in the statutes when the wrong was done. *Foster* v. *Essex Bank,* 16 Mass. 245, 273. *Danforth* v. *Groton Water Co.* 178 Mass. 472, 477. See 2 Cooley, Constitutional Limitations (8th ed.) 771, 790–791, 792–794; Hochman, The Supreme Court and the Constitutionality of Retroactive Legislation, 73 Harv. L. Rev. 692, 696, 697–703, 720–722.

The creation by G. L. c. 164, §§ 56A–56D, of new obligations and restrictions in respect of contracts does not by implication limit the effect of § 56E. So far as *Holliday* v. *Fields,* 210 Ky. 179, relied on by the plaintiff, holds otherwise, we do not follow it. Action prior to the enactment of

§§ 56A–56D which was then legal and proper could not be the basis of removal under § 56E and there is no suggestion that the mayor is relying on such action as a cause for removal.

The words "appointing authority" are aptly chosen to refer to the incumbent of the appointing office at the time of the removal charges and we discern no implication of the creation of a power personal to the particular officer who appointed the members whose removal is sought.

2. This proceeding is appropriate and available notwithstanding the statutory provision for appeal to the Superior Court. We assume that the power of the mayor could be adjudicated on such an appeal. But its primary purpose is to review proceedings under the statute, rather than to determine the power of the mayor to proceed at all under it. See *Hathaway Bakeries, Inc.* v. *Labor Relations Commn.* 316 Mass. 136, 139; *MacKenzie* v. *School Comm. of Ipswich,* 342 Mass. 612.

3. A decree is to enter in the Superior Court declaring that the mayor has the power under G. L. c. 164, § 56E, which is in issue in this case.

*So ordered.*