*Municipal Court of the City of Boston*

No. 199985

## WALTER R. YATES

v.

## GENERAL MOTORS ACCEPTANCE CORP.

Argued: Dec. 13, 1968 Decided: Dec. 19, 1968

*Present:* Adlow, C. J., Shamon, Morrissey, J. J.

Case tried to *Sp. J. Ellis Brown* in the Municipal Court of Boston No. 199985

*Adlow, C. J.* Action of contract or tort to recover a statutory penalty under the provisions of G.L.c. 255B, § 20A (B) and (E). The plaintiff's declaration set forth that:

(1) On November 16, 1965, the plaintiff purchased from the defendant's assignor a 1966 Pontiac Catalina motor vehicle: the terms and conditions of the transfer were expressed in a conditional sales agreement.

(2) On December 4, 1967, said car was repossessed by the defendant from in front of the plaintiff's home at 117 Stratton Street, Dorchester.

(3) Subsequent to said repossession the defendant failed to deliver to the plaintiff personally or to send to him by registered or certified mail to his last known address, a written notice as required by G.L.c. 255B, § 20A (B).

(4) The defendant, through its agents, knew that the plaintiff resided at 117 Stratton Street, Dorchester.

(5) By reason of the defendant's failure to give said notice the defendant, under the terms of G.L.c. 255B, § 20A (E), became obligated to the plaintiff for an amount equal to 50 per cent of the market value of said car on the date of repossession and, in addition, the defendant is liable to the plaintiff for the market value of said car. To this declaration the defendant demurred. The court sustained said demurrer. Being aggrieved by the court's ruling the plaintiff brings this report.

Whether the facts alleged by the plaintiff are sufficient to support an action depends on the law applicable to the conditional sales agreement executed by the parties. This agreement was entered into on November 16, 1965. The statutory provisions on which the plaintiff bases his right to recover the value of the repossessed car and a penalty equal to 50% of the value of said car were not incorporated into our statutes until *November 1, 1966* We are confronted at the outset with the question whether this change in the law operates retrospectively with respect to contracts made prior to the enactment of this law.

In a general sense statutes operate prospectively only unless a contrary intention appears. *Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3. They may be given retrospective effect where they are remedial in character and have procedural significance. *Welch* v. *Mayor of Taunton*, 343 Mass. 485,

487. *Greenway's Case,* 219 Mass. 121, 123. This distinction in the operative effect of statutes is not peculiar to the United States where a constitutional provision prevents the impairment of the obligation of contracts by legislation. It is recognized in England where there is no constitutional bar to the passage of such laws. *National Real Estate and Finance Co.* v. *Hassan,* (1939) 2 K.B. (Eng.) 61, 66.

 Whether the law which the plaintiff invokes in this cause involves substantive or procedural interests can best be determined from a consideration of the changes effected in the law between the time of the making of the contract on November 16, 1965 and November 1, 1966, when St. 1966, § 284 took effect.

At the time the parties entered into their conditional sale contract in 1965, the contract was subject to the provisions of G.L.c. 255B, § 20A, which provided that:

> "The maker of a note secured by mortgage or conditional sale contract relating to the sale of a motor vehicle which has been repossessed, shall not be liable in a suit for a deficiency thereon after sale pursuant to the terms of said mortgage or conditional sale contract, unless the holder of said note shall on the return day of said action file an affidavit signed by the purchaser at said foreclosure stating the price paid for said motor vehicle and the date and place of sale."

Having consummated their transaction on this basis the conditional vendor agreed to give up a right under the agreement to hold the purchaser for any deficiency on the note after repossession unless he filed, on the return day of an action brought by him for said deficiency, an affidavit signed by the purchaser at the foreclosure sale stating in said affidavit the time and place of said sale and the amount paid for the repossessed motor vehicle by said buyer. A failure to file said affidavit gave the buyer a full and complete defense to an action by the seller.

In 1966, and at a time subsequent to the execution of the agreement on which the plaintiff relies, St. 1966, c. 284 was passed and became effective on *November 1* of the same year. The bill became incorporated into the General Laws as part of Chapter 255B, Section 20A. In addition to other features of this amendatory act were the following provisions dealing with the rights of the conditional vendee in the event of repossession:

> G.L., c. 255B, § 20A, subsection B provided that: "Within five days after the motor vehicle is repossessed, the holder shall deliver to the buyer personally, or send to him by registered or certified mail to his last known address, a written notice stating briefly (1) that the motor vehicle, including a general description thereof, has been repossessed; (2) the buyer's right to

redeem and the amount payable therefor; (3) the buyer's rights as to a resale and his liability for a deficiency; and (4) the exact address where any payment is to be made or notice delivered.''

G.L., c. 255B, § 20A, subsection E provides that: ''Repossession without complying with the requirements of subsection B shall subject the holder to a penalty to the buyer of an amount equal to fifty percent of the fair market value of the collateral at time of repossession and in addition the buyer may sue the holder for the conversion of the collateral.''

A comparison of the law in 1965 when the contract was made with the law in 1967 when the car was repossessed will reveal a radical change in the legal positions of the contracting parties. In 1965 a failure to observe the provisions of the law resulted merely in a denial to the seller of his right to collect a deficiency. The amendment of 1966 put the seller on the defensive. Instead of denying him a right to recover the deficiency, it imposed on him an affirmative duty to serve a notice on the buyer within 5 days after the vehicle was repossessed. A failure to comply with this provision exposed the vendor to a suit for a penalty amounting to 50% of the fair market value of the repossessed vehicle, and in addition it made the vendor liable to an action for the conversion of the collateral. In other

words, if the conduct of the vendor was in every respect proper up to and including the act of repossession, the 1966 amendment to the law imposed on him the additional burden of serving a notice within 5 days after the repossession. This additional burden on the seller combined with the onerous penalties provided by subsection E of G.L. c. 255B, section 20A represents a marked departure from the original undertaking of the parties. In our opinion, to apply the 1966 amendment to the contract of 1965 would be to impair the obligation of the contract made by the parties. We cannot agree with the plaintiff that the amendment was remedial in nature and in no way altered the contract. When this contract was made a failure to comply with the law exposed the seller to a denial of the right to recover a deficiency. This in itself was a sanction entailing loss to the seller. To have him burdened with a further duty by requiring a new notice and exposing him to a liability for penalties and to an action for conversion was to replace the original contract by a new one.

There is ample precedent in this Commonwealth to support the contention of the defendant. Statutes allowing tort actions for loss of life by negligence were denied a retrospective character in *Kelley* v. *Boston & Maine Railroad,* 135 Mass. 448. A statute which declared that usury would not be available as a defense on a note was held inapplicable to ac-

tions on notes in existence at the time of its passage. *Bucher* v. *Fitchburg Railroad Co.,* 131 Mass. 156, 158. *No. Bridgewater Bank* v. *Copeland,* 7 Allen 139.

It is unnecessary to catalogue the variety of statutes which have been denied retrospective operation in this Commonwealth. The opinion of Chief Justice Rugg in *Hanscom* v. *Malden & Melrose Gas Light Co.,* 220 Mass. 1, has clearly defined the conditions which distinguish procedural from the substantive laws. The statute on which the plaintiff bases his claim was not in effect when the plaintiff entered into a contract with the defendant's assignor. The legal situation at the time the contract was made clearly defined the rights and obligations of the party when the contract was made. The statute passed subsequently if made applicable to this contract would have enlarged the rights of the buyer and added further duties and liabilities on the seller. To this extent it would have impaired the obligation of contract, and deprived one of the parties of a vested right. Statutes which are remedial may affect the manner of enjoying a right but they will not change or alter the right. In this sense the amendment of 1966 was not remedial. *Welch* v. *Mayor of Taunton,* 343 Mass. 485. Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, or imposes a new duty must be presumed, out of respect to the

Legislature, not to have retrospective operation. Maxwell: Interpretation of Statutes (9th Ed.) p. 216. See also *Hill* v. *Duncan,* 110 Mass. 238, 240.

The ruling of the court in sustaining the demurrer was proper. **Report dismissed.**

NORMAN C. Ross
 of Boston for the plaintiff
THOMAS I. JONES
 of Boston for the defendant