RAANAN KATZ *vs.* ELIZABETH A. COOLEY. May 30, 1978. Confining our consideration to the points argued by the parties, we hold: 1. The judge did not err in his rulings on the plaintiff's requests for rulings nos. 5, 6, 8, 9 and 18. Although c. 10 of the Ordinances of the City of Boston (1969) did not contain an explicit provision, as did § 4(a) of c. 11 of the Ordinances of 1970, to the effect that a rent increase fixed without compliance with the notice provisions of the ordinance should be ineffective, that result was plainly implied, as any other conclusion would nullify the purpose of the notice provisions and would severely impair the basic remedial function of the ordinance. *Welch* v. *Mayor of Taunton,* 343 Mass. 485, 487 (1962). *Boston* v. *Hospital Transp. Serv., Inc., ante* 198, 201 (1978). Sands, Sutherland Statutory Construction § 60.04 (4th ed. 1974). 2. We cannot say that the judge erred in concluding that the rent in effect on December 1, 1968, was $160 per month. The evidence is not before us, but the conclusion appears warranted from certain evidence which the briefs indicate was before the judge. 3. The judge did not err in admitting testimony concerning the intentions of the parties in incorporating in the lease the ambiguous "side agreement." *Nelson* v. *Hamlin,* 258 Mass. 331, 340 (1927). 4. The defendant (tenant) did not violate the condition of the lease entitling her to a return of the security deposit by failing to make a rental payment in August, 1973, because the rent demanded was in excess of that authorized by law. 5. Except insofar as it sought an increase (the basis for which does not appear) in the defendant's attorney's fee allowed under the provisions of St. 1970, c. 842, § 11(a), the defendant's motion to modify the judgment ordered on May 22, 1975, should not have been allowed. Although the "base rent," as defined by c. 10, § 3 (a), of the Ordinances of 1969, was the $160 month rent in effect on December 1, 1968, the ordinance governed future rent adjustments and did not roll back (to $160) the $195 per month rent which had become effective

July 1, 1969, five months before the city council passed the ordinance. See 1971 Ann. Survey Mass. Law § 15.13 at 402-403. The successor ordinance (c. 11 of the Ordinances of 1970) similarly governed future rent adjustments and did not roll back rent increases during the period from December 1, 1968, to the effective date of rent control. When the city adopted St. 1970, c. 842, to be effective January 1, 1973, the six-month rollback provision contained in §§ 6(*a*), 11(*a*), and 12(*a*) resulted in a maximum lawful rent for the premises of $195, which was the maximum the plaintiff could lawfully charge on July 1, 1972. 6. The defendant is entitled to reasonable legal fees in connection with this appeal in accordance with St. 1970, c. 842, § 11(*a*). Compare *Manganaro Drywall, Inc.* v. *White Constr. Co.*, 372 Mass. 661, 667 (1977). Computation of the amount of that fee by the Housing Court should take into consideration the fact that the plaintiff has succeeded in establishing that the judgment appealed from was in error in a significant respect. 7. We have considered the plaintiff's other contentions and find them to be without merit. The judgment is reversed, and a new judgment is to enter in accordance with the order for judgment entered on May 22, 1975, modified to provide for the $750 attorney's fee approved in the Housing Court plus a reasonable attorney's fee computed in accordance with (6) above.

*So ordered.*

*Oren N. Sigal* for the plaintiff.
*Mitchel S. Ross* for the defendant.