TAKE FIVE VENDING, LTD., & another[1] *vs.*
TOWN OF PROVINCETOWN & another.[2]

Suffolk. March 4, 1993. - July 8, 1993.

Present: LIACOS. C J.. NOLAN. LYNCH. O'CONNOR. & GREANEY. JJ

*Municipal Corporations*, By-laws and ordinances. *Tobacco. Taxation,*
Cigarette tax. *License. Due Process of Law,* Taking of property, Regu-
lation of economic activity. *Constitutional Law,* Equal protection of
laws.

A town by-law prohibiting the sale of cigarettes from vending machines
was not inconsistent with the Commonwealth's cigarette excise tax col-
lection scheme, including licensing of vending machines, as set forth in
G. L. c. 64C and G. L. c. 62C, § 67, inasmuch as the statutes did not
express any intent to preempt local prohibition or regulation of the sit-
ing of cigarette vending machines [743-745], and the by-law did not
interfere with the operation of the statutes [745-746].

A town by-law prohibiting the sale of cigarettes from vending machines
was entirely consistent with G. L. c. 64C, § 10, which prohibits vend-
ing machine sales of cigarettes to minors. [746]

The holder of a cigarette vending machine license, granted by the Com-
missioner of Revenue under G. L. c. 62C, § 67, did not have a constitu-
tionally protected property interest in that license, where the license
merely implemented the Commonwealth's tax collection scheme so as
to ensure the accurate collection of excise taxes on sales from the ma-
chine and did not confer a legitimate claim of entitlement to operate
the vending machine free from local regulation. [746-747]

A town by-law that prohibited the sale of cigarettes by vending machines
rationally furthered a legitimate government interest, the promotion of
health, and thus did not deny vending machine owners equal protection
of the laws. [747-749]

[1]Coin Machine Industries Association of Massachusetts, Inc., of which
Take Five Vending, Ltd., is a member.

[2]Attorney General.

CIVIL ACTION commenced in the Superior Court Department on September 21, 1992.

The case was reported to the Appeals Court by *Peter M. Lauriat*, J. The Supreme Judicial Court transferred the case on its own initiative.

*Douglas G. Moxham* for the plaintiffs.

*Richard Bowen*, Town Counsel (*John W. Giorgio* with him) for the town of Provincetown.

*Anthony E. Penski*, Assistant Attorney General, for the Attorney General.

O'CONNOR, J. This case concerns the validity of a by-law of the defendant town of Provincetown that prohibits the sale of cigarettes from vending machines. The plaintiffs, Take Five Vending, Ltd. (Take Five), and Coin Machine Industries Association of Massachusetts, Inc., seek a judgment declaring that the by-law is invalid under the Commonwealth's licensing statute for cigarette vending machines, G. L. c. 64C, § 2 (1992 ed.), and the Federal and State Constitutions. They also seek to enjoin Provincetown from prohibiting the use of cigarette vending machines. The Attorney General has intervened as a defendant pursuant to G. L. c. 231A, § 8 (1992 ed.), asserting the validity of the by-law.

At the request of the parties, who have agreed in writing to all the material facts, a judge in the Superior Court reported the case to the Appeals Court without decision pursuant to G. L. c. 231, § 111 (1992 ed.), and Mass. R. Civ. P. 64, 365 Mass. 831 (1974). The judge identified the following issues:

"1. Does the Provincetown By-Law prohibiting all sale of cigarettes by vending machine violate G. L. c. 64C?

"2. Does the Provincetown By-Law prohibiting all sale of cigarettes by vending machine deprive the plaintiff Take Five of its licenses to operate cigarette vending machines in Provincetown, Massachusetts without due process of law or deny it equal protection of the laws?" We transferred the case to this court on our own initiative. We answer both questions, "No," and conclude that the by-law is valid.

We state the relevant facts to which the parties have agreed. Take Five holds licenses issued by the Commonwealth, pursuant to G. L. c. 64C, § 2, to operate cigarette vending machines at six separate locations in Provincetown. Under art. 22 of the warrant for the 1992 annual town meeting, the voters of Provincetown adopted a by-law banning the sale of cigarettes by machine. The by-law provides: "All sale of cigarettes by machine is prohibited." Article 22 of the warrant contained the following preamble: "Whereas: The major causes of cancer, such as tobacco, alcohol, animal fat, obesity, ultraviolet light, are associated with life-style — that is, with personal choices and not with the environment in general — the widespread public perception that pollution is a major cancer hazard is incorrect. Whereas: Lung cancer is the leading cause of cancer deaths among women. Whereas: Fifty million Americans have stopped smoking and forty five million still smoke. Whereas: We now have sufficient knowledge to move toward the prevention of most human cancers. Whereas: Keeping young people from smoking is a most desirable aim, I move to see if the Town will enact the following . . . or to take any other action relative thereto." The Attorney General subsequently approved the by-law, pursuant to G. L. c. 40, § 32 (1992 ed.).

We first address the question whether the by-law conflicts with G. L. c. 64C, § 2, which provides in relevant part that "[n]o person shall sell cigarettes or act as a manufacturer, wholesaler, vending machine operator, unclassified acquirer, transportation company or retailer, in the commonwealth unless licensed to do so in accordance with section sixty-seven of chapter sixty-two C. . . . The licensing of the operation of cigarette vending machines is retained exclusively by the commonwealth and no city, town or other political subdivision of the commonwealth may license such operation." General Laws c. 62C, § 67 (1992 ed.), states in pertinent part: "In the instance of an application for a license as a manufacturer, wholesaler, vending machine operator, unclassified acquirer, transportation company, or retailer, as defined in chapter sixty-four C, the commissioner [of revenue] shall in-

vestigate the prior activities of the applicant. If the commissioner determines that said applicant has been convicted of any violation of the provisions of chapter sixty-four C or any other pertinent violation of law, he may deny the application . . . ." In their complaint, the plaintiffs claim that the by-law is inconsistent with the licensing statute and is preempted by the statute's "pervasive scheme of statutory regulation." Specifically, they point to the provision in G. L. c. 64C, § 2, that "[t]he licensing of the operation of cigarette vending machines is retained exclusively by the commonwealth and no city, town or other political subdivision of the commonwealth may license such operation." We disagree.

Municipal by-laws are presumed to be valid. *Marshfield Family Skateland, Inc.* v. *Marshfield*, 389 Mass. 436, 440, appeal dismissed, 464 U.S. 987 (1983). When exercising a right to govern locally, a town "exceeds its power only when it passes a by-law inconsistent with the Constitution or laws of the Commonwealth. See Home Rule Amendment [art. 89 of the Amendments to the Massachusetts Constitution], § 6. G. L. c. 43B, § 13 (1984 ed.) (Home Rule Procedures Act)." *Amherst* v. *Attorney Gen.*, 398 Mass. 793, 796 (1986). In determining whether a local ordinance or by-law is inconsistent with a State statute, we have given municipalities "considerable latitude," requiring a "sharp conflict" between the ordinance or by-law and the statute before invalidating the local law. *Bloom* v. *Worcester*, 363 Mass. 136, 154 (1973). Such a conflict "appears when either the legislative intent to preclude local action is clear, or, absent plain expression of such intent, the purpose of the statute cannot be achieved in the face of the local by-law." *Grace* v. *Brookline*, 379 Mass. 43, 54 (1979). *Bloom* v. *Worcester, supra* at 155-156. The instant case does not present either of these circumstances.

Applying these standards, we analyze the validity of the by-law in the instant case with respect to the Commonwealth's licensing scheme set forth in G. L. c. 64C and G. L. c. 62C, § 67. General Laws c. 64C is substantively a

taxation statute that describes how the Commonwealth administers its cigarette excise tax to ensure accurate collection. See *Harvey Payne, Inc.* v. *Slate Co.*, 345 Mass. 488, 492 (1963). General Laws c. 64C, § 2, which the plaintiffs argue invalidates the Provincetown by-law, simply provides one of the methods by which the Commonwealth collects taxes, that is, by licensing, and therefore identifying, vendors. There are other sections in G. L. c. 64C which are clearly designed to accomplish the same objective. For instance, G. L. c. 64C, § 5 (1990 ed.), calls for maintenance of accurate records as to quantity, seller and buyer, price, and brand of cigarettes "manufactured, purchased or otherwise acquired," and G. L. c. 64C, § 6 (1990 ed.), contains monthly reporting and payment requirements.

It is clear that G. L. c. 64C is exclusively a taxing statute. Furthermore, the companion statute, G. L. c. 62C, § 67, to which reference is made in G. L. c. 64C, § 2, and which describes the licensing process, gives further evidence that licensing is only a method of tax collection. First, G. L. c. 62C, § 67, states that the commissioner may only deny a license in limited circumstances, when the applicant has violated a tax provision or failed to pay taxes. Second, the commissioner's decision is appealable to the Appellate Tax Board. Therefore, the provision in G. L. c. 64C retaining exclusive control of cigarette vending machine licensing in the Commonwealth, seen in conjunction with the rest of G. L. c. 64C and G. L. c. 62C, § 67, means that local governments may not interfere with the Commonwealth's detailed cigarette excise tax collection scheme. The Legislature has not expressed any intent to preempt local prohibition or regulation of the *siting* of cigarette vending machines for public health or other reasons. As the by-law at issue has nothing to do with the taxation aspects of cigarette sales, it does not conflict with the statute.

As we have said, in instances in which a clear expression of intent to preclude local action is absent, we must next determine if the purpose of the statute can still be achieved despite the local by-law. If it cannot, the by-law is invalid.

The purpose of the statute is the accurate collection of the cigarette excise tax by the Commonwealth. By the clear language of the statute, the Commonwealth retains the exclusive power to license cigarette vending machines in order to serve that purpose, but it does not purport to regulate pervasively every aspect of the sale of cigarettes in Massachusetts. Although the Commonwealth has preempted the field of licensing vending machines, the plaintiffs have pointed to no statute, and we are aware of none, that authorizes an agency of the Commonwealth to regulate the siting of such machines. Therefore, because the Provincetown by-law does not interfere with the Commonwealth's licensing power to ensure accurate collection of cigarette excise taxes, the purpose of the statute can be achieved without interference by the by-law. The by-law is not inconsistent with the legislation.

In G. L. c. 64C, § 10 (1992 ed.), the Legislature has prohibited sales of cigarettes to minors, and has provided fines for those responsible for such sales. Section 10 also specifically prohibits vending machine sales of cigarettes to minors, mandating that the machine display the following notice: "Persons under eighteen are prohibited from using this machine." The plaintiffs claim that the by-law is inconsistent with those provisions of § 10. We are unpersuaded. The purpose of the by-law, which is to restrict minors' access to cigarettes, is entirely consistent with § 10. The by-law does not detract from, but rather augments, § 10.

The second reported question involves a determination of the constitutionality of the by-law in light of procedural due process and equal protection guarantees of both the State and Federal Constitutions.[3] The plaintiffs first assert that the by-law deprives them of "licenses and property rights protected by state law without due process of law and without any hearing." Under such a procedural due process challenge, we must first examine the "nature of the interest at

[3]Our standard of review for claims under the Fourteenth Amendment to the Federal Constitution is the same as under the cognate provisions in the Massachusetts Declaration of Rights. *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 743 (1986).

stake" to determine whether it is "within the Fourteenth Amendment's protection of . . . property." *Regents of State Colleges* v. *Roth*, 408 U.S. 564, 571 (1972). See *Allen* v. *Assessors of Granby*, 387 Mass. 117, 119 (1982). To have a protected property interest, a person "must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Regents of State Colleges* v. *Roth*, *supra* at 577. Protected property interests are not created by the State or Federal Constitution, but are instead "created . . . by existing rules or understandings that stem from an independent source such as state law." *Id.* If a protected property right is implicated, due process requires "the right to some kind of prior hearing." *Id.* at 569-570.

In the instant case, the granting of a cigarette vending machine license by the Commissioner of Revenue (commissioner), under G. L. c. 62C, § 67, does not create a property interest in that license. By granting a vending machine license, the commissioner does not make a determination with respect to the appropriateness of locating a vending machine at a particular site, but instead implements the Commonwealth's tax scheme by equipping each vending machine with a tracking device to ensure the accurate collection of excise taxes on the cigarettes the machine distributes. The issuance of a license by the commissioner to a vending machine operator does not confer a legitimate claim of entitlement to operate the vending machine free from local law. Given the character of the license as a taxation device, Take Five does not have a protected property interest that would trigger procedural due process guarantees. Since we hold that Take Five's interest in the cigarette vending license is not a protected property interest, we need not reach the question whether the town violated Take Five's procedural due process rights by failing to hold a hearing about the prohibition of vending machines.

The plaintiffs' other constitutional claim, that the by-law denies them equal protection under the law, also fails. In their complaint, the plaintiffs assert that "Provincetown has unreasonably classified a lawful business to operate vending

machines which, with lock-out devices [to prevent access by minors], are in no different position from over-the-counter sale of cigarettes." We have held that ordinances and by-laws involving neither fundamental rights nor suspect classes will be reviewed under a rational basis test. *Boston v. Keene Corp.*, 406 Mass. 301, 308 (1989). Also, we have held that "the right . . . to pursue one's business" is not a fundamental right necessitating strict scrutiny, *Commonwealth v. Henry's Drywall Co.*, 366 Mass. 539, 542 (1974), and the plaintiffs properly have not argued that they are a suspect class. Accordingly, we review the by-law by applying the rational basis test, which is the lowest level of judicial scrutiny. *Marshfield Family Skateland, Inc. v. Marshfield*, 389 Mass. 436, 445 (1983). As the court explained in that case, "[u]nder the rational basis test, 'the person making the challenge has an onerous burden of proof in establishing the invalidity of the statute.' *Commonwealth v. Henry's Drywall Co.*, *supra* at 541. In applying the rational basis standard, we have stated that '[i]f a statute or ordinance serves a legitimate purpose, and if the means the State adopted are rationally related to the achievement of that purpose, the legislation will withstand constitutional challenge' (footnote omitted). *Shell Oil Co. v. Revere*, 383 Mass. 682, 686 (1981). We have further explained that 'a statutory classification will not be set aside as a denial of equal protection or due process if any state of facts reasonably may be conceived to justify it.' *Henry's Drywall Co.*, *supra*." *Id.* at 446.

Applying this standard, we must examine whether the classification chosen by the town, prohibiting the sale of cigarettes by vending machine, rationally furthers a legitimate State interest. We are content that it does. The preamble to the by-law identified several serious public health concerns, such as high cancer rates and heart disease, that supported the by-law's express purpose of "[k]eeping young people from smoking." It is apparent that the town chose to classify cigarette vending machines by restricting access to them, in order to promote legitimate municipal health goals. The plaintiffs' assertion that Provincetown should not have pro-

hibited cigarette vending machines altogether because lock-out devices are just as effective to achieve the town's purpose is without merit. "We have consistently held that a legislative difference in treatment reasonably related to a legitimate public purpose is permissible. . . . The equal protection clause in the context of economic legislation limits legislative discretion only to the extent of forbidding arbitrary or irrational classifications. . . . We, as a judicial body, may not substitute our independent judgment for that of the Legislature in areas of practical administration which may justify, even require, rough accommodations that to some extent result in dissimilarity of treatment." (Citations omitted.) *Commonwealth* v. *Henry's Drywall Co.*, *supra* at 545. Where, as in this instance, the plaintiffs have not produced evidence that the voters acted arbitrarily or irrationally, we will not substitute our judgment for the legislative decision makers of the town. *Marshfield Family Skateland, Inc.* v. *Marshfield*, *supra* at 448. *Shell Oil Co.* v. *Revere*, 383 Mass. 682, 687-688 (1981). We therefore view the town's classification of cigarette vending machines as rationally furthering a legitimate government interest.

Answering the judge's questions in the negative, we hold that the Provincetown by-law prohibiting all sale of cigarettes by vending machine is valid. We remand the case to the Superior Court for disposition consistent with this opinion.

*So ordered.*