LEE PEARSON *vs.* TOWN OF PLYMOUTH.

No. 96-P-2037.

Plymouth. February 17, 1998. - May 12, 1998.

Present: BROWN, GILLERMAN, & PORADA, JJ.

*Declaratory Relief. Statute,* Retroactive application. *Municipal Corporations,* By-laws and ordinances, Home rule. *Constitutional Law,* Home Rule Amendment. *Aircraft. Water.*

A town's by-law, approved in 1977, prohibiting the nonemergency operation of amphibious aircraft on town ponds, was inconsistent with G. L. c. 131, § 45, as amended by St. 1980, c. 194, which provided that rules and regulations of a town regarding the use of such aircraft on great ponds "shall first be approved by the Massachusetts aeronautics commission," and accordingly the by-law was unenforceable without such approval. [742-745]

CIVIL ACTION commenced in the Superior Court Department on January 11, 1996.

The case was heard by *Suzanne DelVecchio,* J., on motions for summary judgment.

*Elizabeth A. Lane* for the defendant.

*Edmund C. Mathers* for the plaintiff.

GILLERMAN, J. On cross motions for summary judgment[1] in an action for a declaratory judgment, the judge found for the plaintiff and entered a final judgment declaring art. 10.4 of the by-law of the town of Plymouth (the by-law) null and void. The town appealed.

The by-law, which was approved at the annual town meeting in 1977, provides that, "No airplane adapted to land in water shall be allowed to operate from or upon any pond in Plymouth except upon an emergency basis." The plaintiff, a resident of Plymouth, seeks to operate her float airplane on Long Pond, a

---

[1]The parties agree that there is no issue of material fact and that the case presents a question of law.

great pond, see G. L. c. 131, § 1,[2] which lies partially within the boundaries of the town.

When approved in 1977, the by-law was presumptively valid. *Take Five Vending Ltd.* v. *Provincetown*, 415 Mass. 741, 744 (1993). In 1980, a provision (the proviso) was added to G. L. c. 131, § 45 (the Great Pond Statute), see St. 1980, c. 194, to the effect that rules and regulations of any city or town regarding the use and operation of aircraft equipped with floats on great ponds which are wholly or partly within its borders "shall first be approved by the Massachusetts aeronautics commission [the commission]."

The town argues that (i) the by-law continues to be valid and enforceable because the proviso may not be enforced "retroactively," and (ii) the by-law is not inconsistent with any law of the Commonwealth.

1. *"Retroactive" application.* The nullification of the by-law would not be a forbidden "retroactive" application of the proviso; the only question is whether the by-law may be enforced without the commission's approval following the General Court's adoption of the proviso. Even if we were to characterize the relief sought as "retroactive" because it attacks the present validity of the previously valid by-law, we would not regard the nullification of the by-law as impermissibly retroactive. The proviso, for the reasons described below, is "remedial in a broad sense," *Welch* v. *Mayor of Taunton*, 343 Mass. 485, 488 (1962), and that legislative purpose, coupled with the absence of any adverse effect on the previous exercise of a vested right, permits its retroactive application. *Ibid.* The complaint seeks only a declaration that the town may not henceforth enforce the by-law; the plaintiff does not seek relief from a fine or penalty for the previous exercise of a presumed vested right. (Contrast *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 627-629 [1974] [even procedural statute may not be applied retroactively to a case that has been closed]).

2. *Inconsistency with laws of the Commonwealth.* The critical issue in this case has to do with the town's second argument: whether the continued validity of the town's by-law without the commission's approval is "inconsistent with . . . laws enacted

---

[2]Section 1 of c. 131, as inserted by St. 1967, c. 802, § 1, defines a great pond as "a natural pond the area of which is twenty acres or more." Section 46 of c. 131 authorizes the department of environmental protection to measure great ponds.

by the general court" in violation of § 6 of art. 89 of the Amendments to the Constitution of Massachusetts (the Home Rule Amendment)[3] and the Home Rule Procedures Act, G. L. c. 43B, § 13.[4] See *Amherst* v. *Attorney General*, 398 Mass. 793, 796 (1986) (by reason of the Home Rule Amendment and the Home Rule Procedures Act, "[t]he town exceeds its power only when it passes a by-law inconsistent with the Constitution or laws of the Commonwealth"). See also *Take Five Vending Ltd.*, 415 Mass. at 744.[5]

If the enactment of the proviso discloses a legislative intent to preclude unilateral local action regarding the operation of aircraft on great ponds, then the by-law, even if previously enacted, must yield if it is inconsistent with the State legislation. But "[t]he legislative intent to preclude local action must be clear." *Amherst* v. *Attorney General*, 398 Mass. at 797, quoting *Bloom* v. *Worcester*, 363 Mass. 136, 155 (1973). If that intent is not clear, "that intent may be inferred if legislation deals with a subject comprehensively." *Ibid.* Any other result would permit the supremacy of local regulation over inconsistent regulation by the General Court — a result prohibited by the Home Rule Amendment and the Home Rule Procedures Act.

To determine whether the town is precluded "by the laws of the Commonwealth" from enforcing its by-law without the commission's approval, we must consider both the Great Pond Statute, including the proviso, and G. L. c. 90, § 40, which

---

[3]Section 6 of the Home Rule Amendment authorizes any city or town to adopt, amend, or repeal local ordinances or by-laws "which the general court has power to confer upon it [and] which is not inconsistent with the constitution or laws enacted by the general court."

[4]The Home Rule Procedures Act, as inserted by St. 1966, 734, § 1, authorizes any city or town to adopt, amend, or repeal local ordinances or by-laws so as to "exercise any power or function which the general court has power to confer upon it, which is not inconsistent with the constitution or laws enacted by the general court."

[5]The town relies on *Gustafson* v. *City of Lake Angelus*, 76 F.3d 778 (6th Cir.), cert. denied, 519 U.S. 823 (1996), a case involving an issue of Federal preemption. As that court pointed out, the local ordinance merely restricted local water use while the field preempted by Federal law was the "free transit of the navigable airspace." *Id.* at 786.

Although it has been observed that Federal preemption principles may be of assistance in resolving issues such as that before us, see, e.g., *Bloom* v. *Worcester*, 363 Mass. 136, 151-152, 155 (1973), and while *Gustafson* is instructive to the limited extent that it outlines those principles, the conflict presented there is dissimilar from that at issue here.   .

established the commission.[6] The Great Pond Statute provides, in part, that great ponds "shall be public for the purpose of hunting or boating thereon and shall . . . be open to all inhabitants of the commonwealth for fishing purposes." G. L. c. 131, § 45. See *Lopes* v. *Peabody*, 417 Mass. 299, 305 n.11 (1994) ("Public rights in the Commonwealth's great ponds are well-established"). The Great Pond Statute continues: local rules and regulations may be adopted regarding hunting, fishing and boating on the great ponds,[7] and rules and regulations "relative to boating may include . . . a speed limit, a limit on engine horsepower, a prohibition of the use of internal combustion engines, a ban on water skiing and other high speed uses and a limitation of such uses to certain areas and certain times." G. L. c. 131, § 45. All such rules and regulations are subject to the approvals of various State administrative agencies having special competence and responsibility in the particular subject, e.g., the director of law enforcement must first approve a limitation on engine horsepower, and rules and regulations authorizing hunting and fishing are subject to the approval of the director of fisheries and wildlife. *Ibid.*

The proviso to the Great Pond Statute added the authority of cities and towns to make and enforce rules and regulations "relative to the use and operation of aircraft equipped with floats," and, consistent with the established pattern of the statute, required that any such rule or regulation "shall first be approved by the Massachusetts aeronautics commission [the commission]." *Ibid.* Thus, the local authority to regulate the use of great ponds includes aircraft capable of landing on water, but only if the town's regulation is first approved by the commission.[8]

We now turn to the regulatory function of the commission. Under G. L. c. 90, § 39, the commission "shall have general supervision and control over aeronautics." In particular, "for

[6]In the usual case the commission will approve or disapprove the by-law prior to its adoption by the city or town. This allows for modification prior to the political process.

[7]The general regulatory power of cities and towns is limited to ponds "not exceeding five hundred acres in extent." G. L. c. 131, § 45. That limitation was not inserted in the proviso and has no bearing on this case.

[8]In their briefs both parties address the issue of sovereign immunity, which the parties assert is implicated because the pond is owned in fee by the Commonwealth. We do not consider this issue because we have decided the case on other grounds.

the purpose of protecting and insuring the general public interests and safety . . . and for the purpose of developing and promoting aeronautics within the Commonwealth," the commission is empowered to perform such acts, and, with the approval of the governor and the council, to adopt rules and regulations as the commission deems necessary. G. L. c. 90, § 39.

Given this statutory system, the task of the commission under the Great Pond Statute is to modulate the need for public safety on such ponds with the public interest in developing aeronautics in the Commonwealth. The Legislature has determined that this complex task is one that the commission is especially suited to perform and that cities and towns are less suited to accomplish. While cities and towns are certainly competent to deal with issues of public safety, they have no reason to be dedicated to the development of aeronautics in the Commonwealth.

We conclude that the intent of the Legislature is clear: *only* the commission may consider and evaluate the competing claims of public safety and the development of aeronautics, and, with those considerations in mind, appraise the town's by-law prohibiting the use and operation of aircraft equipped with floats on the town's great pond, except in an emergency. The proviso permits no exception; there is no room for unilateral, local regulation in this area. Without the approval of the commission, the by-law may not be enforced by the town. Compare *Boston Gas Co.* v. *Newton*, 425 Mass. 697, 702 (1997) ("Given [its] comprehensive nature . . . the Legislature intended to preempt local entities from enacting legislation in this area").[9]

3. *Conclusion.* The judgment is vacated. Unless the commission has approved the by-law within ninety days of the date when the rescript issues in this case, judgment shall enter in the Superior Court declaring the by-law invalid as to any great ponds located wholly or partly within the borders of the town of Plymouth.

*So ordered.*

---

[9] While the proviso speaks of "rules and regulations," not "by-laws," "rules" and "regulations" are generic terms. A town by-law is a local "regulation." See *Bloom* v. *Worcester*, 363 Mass. at 152-153. The Home Rule Procedures Act authorizes "orders, regulations or other legislative or executive actions" which fall "within the scope" of any authorized by-law and are necessary to the exercise of the power authorized by the by-law. G. L. c. 43B, § 13.